O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETELVINA DE LA TORRE,<br><br>            Plaintiff,<br><br>   v.<br><br>AMERICAN RED CROSS, an entity unknown; RIO HONDO CHAPTER OF THE AMERICAN RED CROSS, an entity unknown,<br><br>            Defendants.<br>_____ | Case No. CV 13-04302 DDP (JEMx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No. 8] |

    Presently before this Court is Defendants' Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike (the "Motion"). Having considered the submissions of the parties and heard oral argument, the court grants the Motion in part, denies the Motion in part, and adopts the following order.

**I. Background**

    Plaintiff Etelvina De La Torre ("Plaintiff") brings this action against the American Red Cross ("ARC") and the Rio Hondo Chapter of the American Red Cross ("Rio Hondo") (collectively "Defendants"). Plaintiff was recruited by Rio Hondo to become the

Executive Director of the Rio Hondo Chapter of the American Red Cross. (Complaint ¶ 7.) She was recruited from another employer, MALDEF, where she had been working for at least four years. (Id.) In order to induce her to take the position at Rio Hondo, Plaintiff alleges that Nancy Kindelan, the Regional CEO for the Rancho Region of the American Red Cross, represented to her that she would be groomed to replace Kindelan, who planned to retire in the near future. (Id.) Plaintiff was also induced to take the position by the promise of a $7,000 annual bonus. (Id. ¶ 8.) Plaintiff signed her offer letter with Rio Hondo on January 21, 2010 and began work in February 2010. (Id. ¶ 7, Exh. A.)

Plaintiff's employment with the Rio Hondo Chapter was at-will. (Id. Exh. A.) Her employment contract states, in relevant part, "the Red Cross ... has the right to transfer, reassign, suspend or demote you, or may terminate your employment at any time for any reason, with or without cause with or without notice. There is no guarantee of long term employment." (Id.) In addition, the contract contains an acknowledgment "that no representations, inducements, promises or agreements, oral or otherwise, have been made between you and the Rio Hondo Chapter ... which are not included in this letter." (Id.)

Plaintiff alleges that while she was employed at Rio Hondo, Ms. Kindelan, who was her supervisor, treated Hispanic employees differently from others. (Id. ¶ 9.) Plaintiff alleges that Kindelan once referred to Plaintiff as her "Latina token." (Id. ¶ 10.) Plaintiff also witnessed inappropriate treatment of other Hispanic employees. (Id. ¶¶ 9-10.) Plaintiff also alleges that she never received her bonus payments as required by her contract, receiving

2

approximately $6,000 of the promised $7,000 in June 2011 and no bonus payment in June 2012. (Id. ¶ 11.)

Not long after Plaintiff was hired by Rio Hondo, ARC began a massive reorganization. (Id. ¶ 13.) In August of 2012, Plaintiff's position was eliminated as part of the restructuring. (Id.) Plaintiff alleges that this "elimination" was mere pretext for discrimination against her because of her race and/or national origin. (Id. ¶ 15.)

Plaintiff originally filed this action in the Los Angeles County Superior Court; Defendants removed the case to this Court. (Notice of Removal, Dkt. 1.) Plaintiff advances eleven causes of action. (Complaint, Dkt. 2.) Among these, Plaintiff claims that she was fraudulently induced to leave her position with MALDEF due to promises that she would soon be promoted to Regional CEO. (Id. ¶¶ 27-37.) Plaintiff also advances several claims relating to Rio Hondo's failure to pay her bonuses. (Id. ¶¶ 38-69.) Plaintiff also claims that her termination was due to her race and/or national origin. (Id. ¶¶ 17-26.)

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  <u>Id.</u> at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555.  "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

**III. Discussion**

In their Motion, Defendants argue that ARC should be dismissed from this action because it is not a proper defendant. Defendants also argue, with respect to some of Plaintiff's causes of action, that Plaintiff's complaint is insufficient under Rule 12(b)(6).

**A. American Red Cross as Defendant**

Defendant argues that courts in other cases have determined that ARC is an improper defendant when an employee of a Red Cross chapter files an employment-related grievance, and that, therefore, ARC is an improper defendant here. <u>See, e.g.</u>, <u>Owens v. American</u>

4

National Red Cross, 673 F. Supp. 1156 (1987); Webb v. American Red Cross, 652 F. Supp. 917 (1986). These cases, however, were decided at summary judgment rather than on motions to dismiss. Various tests that courts have adopted to determine whether a joint employer situation is present under California law turn on "the nature of the work relationship of the parties, with emphasis upon the extent to which the defendant controls the plaintiff's performance of employment duties." Vernon v. State of California, 116 Cal. App. 4th 114, 124 (2004). "[T]he precise contours of an employment relationship can only be established by a careful factual inquiry." Graves v. Lowery, 117 F.3d 723, 729 (3d Cir. 1997).

At this stage, the factual record is not sufficiently developed to make a "careful factual inquiry" to determine whether ARC was a joint employer of Plaintiff with Rio Hondo. The fact that ARC has been found not to be a joint employer with other local chapters in other cases at the summary judgment stage is insufficient to demonstrate that the analysis would necessarily be the same for every local chapter and every employment situation. Therefore, Defendants' Motion is DENIED as to Defendant ARC.

**B. Sufficiency of the Complaint**

Defendants do not challenge the sufficiency of the following causes of action: first cause of action (race/national origin discrimination), second cause of action (wrongful termination), fifth cause of action (breach of contract), and eighth cause of action (failure to pay wages in violation of Cal. Labor Code §§ 201 and 203). Therefore, these causes of action remain operative.

### 1. Third and Fourth Causes of Action (Intentional and/or Negligent Misrepresentation and/or Failure to Disclose Material Facts; Promissory Estoppel)

Defendants argue that Plaintiff fails to state a claim for fraud or misrepresentation, or for promissory estoppel. The elements of a cause of action for fraud or misrepresentation are: (1) a misrepresentation about a past or existing fact, or concealment of such facts when under a duty to disclose; (2) scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages. Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004). In an action for fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). The elements are the same for negligent misrepresentation, except that there is no requirement of intent to induce reliance.

In her opposition, Plaintiff reframes her third and fourth claims as a single claim for "promissory fraud," a type of fraud claim. (Opp. to Motion, Dkt. 15.) She does not contest Defendants' argument that her promissory estoppel claim should be dismissed. Therefore, the Motion is GRANTED as to Plaintiff's claim for promissory estoppel.

Contrary to Defendants' assertions that the underlying alleged misrepresentations are not actionable, Plaintiff's claims that Kindelan represented to her that she would be promoted to Regional CEO and that Kindelan failed to disclose that the ARC would be undergoing a reorganization in the near future are viable. Plaintiff's allegations meet the heightened pleading requirement for fraud claims, as they state with specificity the statements

6

that were made (that Plaintiff was being groomed to become the Regional CEO) and omitted (that ARC would be undergoing a restructuring), the persons who made those statements (Ms. Kindelan and the Red Cross search committee who interviewed Plaintiff), and when those statements were made (during her recruitment). (Complaint ¶¶ 7, 13-14, 28-31.) Plaintiff's inclusion of these details is sufficient to meet the heightened pleading requirements of Rule 9(b). Therefore, Plaintiff has sufficiently pled the first element of her fraud claim regarding the alleged misrepresentation.

Plaintiff has also sufficiently pled each of the remaining elements of her fraud claim. Plaintiff alleges that Kindelan and Rio Hondo knew or should have known that organizational restructuring was imminent and that their failure to inform her of this fact was intended to induce her to rely on their representations regarding her potential promotion to Regional CEO in order to get her to accept the Executive Director position. (Complaint ¶¶ 28-31.) Plaintiff also alleges that she did, in fact, rely on Defendants' representations, and that as a result she suffered damage, as she would not have left her stable position at MALDEF but for those assurances. (Id. ¶¶ 28-33.)

Defendants argue that Plaintiff's reliance on Kindelan's oral statements regarding her potential future as Regional CEO is not reasonable in light of the employment contract. Defendants cite case law holding that where an employee is terminated but signed an at-will employment contract, the employee cannot assert a claim for fraud on the basis of assurances that their employment would be long term. See, e.g., Dore v. Arnold Worldwide, Inc., 39 Cal. 4th 384, 393-94 (2006); Slivinsky v. Watkins-Johnson Co., 221 Cal. App.

7

3d 799, 807 (1990). In those cases, however, the oral promise of long-term employment was directly contradicted by an express term of the employment agreement stating that the employment was at-will. However, in this case nothing in the employment agreement clearly contradicts the oral promises Plaintiff alleges were made and the information Plaintiff alleges was omitted. Therefore, Defendants' Motion is DENIED with respect to this cause of action.

### 2. Sixth Cause of Action (Breach of the Covenant of Good Faith and Fair Dealing)

Defendants argue that Plaintiff fails to state a claim for breach of the covenant of good faith and fair dealing. Defendants argue that this cause of action is superfluous, as Plaintiff does not allege sufficient facts to support a claim for any relief beyond that available for breach of contract. Therefore, Defendants argue that this cause of action should be dismissed as surplusage.

Plaintiff's breach of contract claim is based on the failure of Defendants to pay her the full amount due under the bonus clause of her contract, which states: "You will receive an annual bonus of $7000, first eligible June 30, 2011." (Complaint, Exh. A.) Plaintiff alleges that she received only a $6,000 bonus in 2011 and no bonus payment in 2012. (Id. ¶ 41.) It is unclear from Plaintiff's complaint whether she intends to assert that her termination was also a breach of contract.

"If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated. Thus, absent those limited

8

cases where a breach of a consensual contract term is not claimed or alleged, the only justification for asserting a separate cause of action for breach of the implied covenant is to obtain a tort recovery." Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990). "[T]he remedy for breach of an employment agreement, including the covenant of good faith and fair dealing implied by law therein, is solely contractual." Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 352 (2000). Plaintiff's complaint asserts only that there was a contract breach, committed in bad faith, and therefore that Defendants have breached the covenant of good faith and fair dealing. Therefore, Plaintiff's claim for a breach of the implied covenant is surplusage and Defendants' Motion is GRANTED as to this cause of action.

### 3. Seventh Cause of Action (Failure to Pay Timely Wages in Violation of Labor Code Section 204)

Defendants argue that Plaintiff's cause of action for failure to pay timely wages in violation of Labor Code Section 204 fails to state a claim. Defendants argue that there are two reasons why this claim should be dismissed: (1) there is no private right of action for violation of Labor Code Section 204, and (2) Labor Code Section 204 does not govern the timing of contractual bonus payments. The Court need not decide whether a private right of action exists for violation of Labor Code Section 204, as Plaintiff's cause of action may be dismissed for the second reason.

The text of California Labor Code Section 204 states:

> All wages ... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the

>
> 1 regular paydays. Labor performed between the 1st and
> 2 15th days, inclusive, of any calendar month shall be
> 3 paid for between the 16th and the 26th day of the
> 4 month during which the labor was performed, and labor
> 5 performed between the 16th and the last day,
> 6 inclusive, of any calendar month, shall be paid for
> 7 between the 1st and 10th day of the following month.

Cal. Labor Code § 204(a).

"The sole purpose of [California Labor Code Section 204] is to require an employer of labor who comes within its terms to maintain two regular pay days each month, within the dates required in that section." In re Moffett, 19 Cal. App.2d 7, 13, 64 P.2d 1190 (1937). Labor Code Section 204(a) deals solely with the timing of wages and not with whether the correct wages were paid. See Hadjavi v. CVS Pharmacy, Inc., 2010 WL 7695383 (C.D. Cal. 2010). Plaintiff does not allege that Defendants did not maintain two regular pay days each month. Therefore, Defendants' Motion is GRANTED as to Plaintiff's Section 204 claim.

### 4. Ninth Cause of Action (Violation of California Labor Code Section 226)

Defendants argue that Plaintiff fails to state a claim for violation of California Labor Code Section 226. Defendants argue that there are two reasons why this claim, or portions of it, should be dismissed: (1) Plaintiff has not alleged that she suffered any legally cognizable injury, and (2) Plaintiff's claim as to her 2011 bonus is time-barred.

Plaintiff alleges a violation of California Labor Code Section 226 on the grounds that Defendants failed to provide her with an

"accurate itemized statement showing Plaintiff's gross earned wages." "Because § 226(e) requires the demonstration of an actual suffered injury, the deprivation of the information required by § 226(a), 'standing alone, is not a cognizable injury.'" Reinhardt v. Gemini Motor Transp., 869 F. Supp. 2d 1158, 1169 (E.D. Cal. 2012) (quoting Price v. Starbucks Corp., 192 Cal. App. 4th 1136, 1143 (2011)). An employee is deemed to suffer an injury when there is an inaccuracy in any of the required information under Section 226(a) and the employee cannot "promptly and easily determine from the wage statement alone ... the amount of the gross wages paid to the employee during the pay period." Cal. Labor Code § 226(e)(2)(B).

Plaintiff does not sufficiently allege a cognizable injury under the statute. While Plaintiff does allege that the failure to include her bonus payments on her paycheck constitutes an inaccuracy, Plaintiff does not properly allege that her paycheck was such that she could not "promptly and easily determine" from the wage statement the amount of gross wages or net wages actually paid to her during the pay periods at issue. She has instead simply alleged that the amount she was paid was incorrect. As a result, she has not alleged actual injury resulting from the inaccuracy on her wage statement as required by Section 226. Therefore, Defendants' Motion is GRANTED with respect to Plaintiff's Section 226 claim, with leave to amend should Plaintiff be able to allege facts showing that she could not easily ascertain the amount of wages actually paid to her or one of the other requirements under 226(e)(2)(B).

With respect to the time bar issue, to the extent that Plaintiff seeks to amend to show actual injury, Plaintiff cannot

11

recover statutory damages based on her allegations of inaccurate wage statements on her June 2011 wage statement. "If a plaintiff attempts to obtain the statutory penalties provided by Labor Code § 226(e), then the one year statute of limitations of California Code of Civil Procedure § 340(a) applies." Reinhardt, 869 F. Supp. 2d at 1169-70. The one year statute of limitations for a claim based on Plaintiff's June 2011 wage statement expired prior to Plaintiff filing this lawsuit on April 23, 2013. However, to the extent that Plaintiff can show that the faulty wage statement for which she seeks relief is either her June 2012 statement or her final paycheck at the time of her termination in August 2012, Plaintiff's claim for statutory damages is not time-barred.

### 5. Tenth Cause of Action (Violation of California Business and Professions Code §§ 17200 et seq.)

Defendants argue that Plaintiff fails to state a claim for violation of California Business and Professions Code Section 17200 et seq. Defendants argue that Plaintiff's claim improperly seeks statutory penalties, which are not recoverable as restitution under Section 17200. Pineda v. Bank of America, 50 Cal. 4th 1389, 1402 (2010).

Defendants are correct that Plaintiff may not seek penalties as part of her claim for restitution. However, Plaintiff is not seeking penalties under this cause of action. (Opp. to Motion, Dkt. 15.) Plaintiff's complaint states that she is "entitled to restitution of all of the wages earned and due to her, any other of Defendant's ill begotten gains, and injunctive relief prohibiting Defendant from engaging in the unlawful, unfair, and fraudulent payroll and advertising practices described herein. Plaintiff also

12

seeks interest on the amount of restitution awarded. Plaintiff also seeks attorneys' fees." (Complaint ¶¶ 67-69.) None of this amounts to Plaintiff seeking a "penalty." Therefore, Defendants' Motion is DENIED as to Plaintiff's Section 17200 claim.

### 6. Eleventh Cause of Action (Intentional Infliction of Emotional Distress)

Defendants argue that Plaintiff fails to state a claim for intentional infliction of emotional distress ("IIED"). Defendants argue that there are two reasons why this claim should be dismissed: (1) the claim is barred by the Workers' Compensation Act, and (2) Plaintiff has not alleged extreme and outrageous conduct by Defendants.

Defendants' first argument is unavailing. "It is true that generally an employee can have no tort recovery for emotional distress resulting from his employment... However, a plaintiff can recover for infliction of emotional distress if he or she has a tort cause of action for wrongful termination in violation of public policy or wrongful termination in violation of an express statute because then, emotional distress damages are simply a component of compensatory damages." Phillips v. Gemini Moving Specialists, 63 Cal. App. 4th 563, 577 (1998). Plaintiff's claims that she was terminated because of her race and/or national origin clearly allege a violation of public policy and a violation of FEHA. Therefore, Plaintiff is not precluded by the Workers' Compensation Act from bringing her claim for IIED.

However, Plaintiff's allegations are insufficient to rise to the level of "extreme and outrageous conduct." A claim for IIED exists when there is "(1) extreme and outrageous conduct by the

13

defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009). While some of the comments that Plaintiff alleges were made by Kindelan and others at Rio Hondo were inappropriate, they were not so outrageous as to "exceed all bounds of that usually tolerated in a civilized society." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993). Further, the fact that Defendants terminated Plaintiff is not extreme and outrageous conduct, even if the motivation for her termination was racial animus. Therefore, Defendants' Motion is GRANTED as to Plaintiff's IIED claim.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Should she so choose, Plaintiff may amend her complaint consistent with this Order.

IT IS SO ORDERED.

Dated: October 9, 2013

DEAN D. PREGERSON
United States District Judge